**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2060**

JINGDONG ZHENG,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  February 19, 2010       Decided:  March 11, 2010

Before NIEMEYER, GREGORY, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Henry Zhang, ZHANG & ASSOCIATES, P.C., New York, New York, for
Petitioner.  Tony West, Assistant Attorney General, Mary Jane
Candaux, Assistant Director, Robbin K. Blaya, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jingdong Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT").[*]

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d

---

[*] Zheng does not challenge the denial of relief under the CAT. He has therefore waived appellate review of this issue. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2009), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2009). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) if the alien shows that it is more likely than not that [his] life or freedom would be threatened in the country of removal because of [his] race, religion, nationality, membership in a particular social group, or political opinion." Gomis v. Holder, 571 F.3d 353, 359 (4th Cir. 2009), cert. denied, __ S. Ct. __, 2010 WL 58386 (U.S. Jan. 11, 2010) (No. 09-194). "This is a more stringent standard than that for asylum . . . . [and], while asylum is discretionary, if an alien establishes eligibility for withholding of removal, the grant is mandatory." Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353-54 (4th Cir. 2006) (internal citations omitted) (alteration added).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony

3

on credibility grounds must offer a "specific, cogent reason" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v. Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted). Likewise, "the immigration judge cannot reject documentary evidence without specific, cogent reasons why the documents are not credible." Kourouma v. Holder, 588 F.3d 234, 241 (4th Cir. 2009).

The REAL ID Act of 2005 also amended the law regarding credibility determinations for applications for asylum and withholding of removal filed after May 11, 2005, as is the case here. Such determinations are to be made based on the totality of the circumstances and all relevant factors, including:

> the *demeanor, candor, or responsiveness* of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim[.]

8 U.S.C. § 1158(b)(1)(B)(iii) (2006) (emphasis added).

4

This court accords broad, though not unlimited, deference to credibility findings supported by substantial evidence. Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). If the immigration judge's adverse credibility finding is based on speculation and conjecture rather than specific and cogent reasoning, however, it is not supported by substantial evidence. Tewabe, 446 F.3d at 538. A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Because the Board added its own reasoning when it adopted the immigration judge's decision, this court will review both decisions. Niang v. Gonzales, 492 F.3d 505, 511 n.8 (4th Cir. 2007).

We find substantial evidence supports the adverse credibility finding. Clearly, there were many critical discrepancies between Zheng's and his wife's testimonies. We

5

further find no error with respect to the immigration judge seeking more reasonably available corroborative evidence. Because of the adverse credibility finding and the lack of corroboration, the record does not compel a different result with respect to the denial of asylum or withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED